# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SYED Y. ARIF                                        :
6580 Englewood Road                                 :
Linthicum Heights, MD 21090,                        :
                                                    :
       Plaintiff,                                   :
                                                    :
     v.                                           :     Case No. _____
                                                    :
MARYLAND DEPARTMENT OF                              :
STATE POLICE,                                       :
                                                    :
Serve:  Ronald M. Levitan                           :
       Principal Counsel                            :
       Maryland Department of State Police          :
       Office of the Attorney General               :
       1201 Reisterstown Rd.                        :
       Pikesville, MD 21208                         :
                                                    :
SGT. MARK J. DONISI                                 :
1201 Reisterstown Rd.                               :
Pikesville, MD 21208,                               :
                                                    :
SGT. ANTHONY HALL                                   :
1201 Reisterstown Rd.                               :
Pikesville, MD 21208,                               :
                                                    :
GARY L. BACHTELL                                    :
1201 Reisterstown Rd.                               :
Pikesville, MD 21208,                               :
                                                    :
       and                                          :
                                                    :
ROBERT B. TANNER                                    :
1201 Reisterstown Rd.                               :
Pikesville, MD 21208,                               :
                                                    :
       Defendants.                                  :

## COMPLAINT FOR DAMAGES

    Plaintiff, Syed Y. Arif, through counsel, HANNON LAW GROUP, LLP, brings this

action against the Maryland Department of State Police ("Department" or "MDSP"), Mark J.

Donisi, Anthony Hall, Gary L. Bachtell, and Robert B. Tanner under Title VII of the Civil Rights Act of 1964, and the Maryland Fair Employment Practices Act, for failing to hire him based on discrimination on the basis of his race, color, religion, and national origin.

## JURISDICTION

1.     This Court has jurisdiction over Counts I through VIII of Mr. Arif's complaint pursuant to 28 U.S.C. § 1331, because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Mr. Arif's state law claims, Counts IX through XVI, which form part of the same case or controversy under 28 U.S.C. § 1367.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2) because all the events, acts, and/or omissions giving rise to Mr. Arif's claims occurred in the State of Maryland.

3.     Mr. Arif exhausted his administrative remedies before filing this civil action.  Mr. Arif filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on August 21, 2019, and received a Right to Sue letter on January 12, 2024.

## PARTIES

4.     Plaintiff Syed Y. Arif is an Asian man born in Pakistan with brown-colored skin who is a practicing Muslim.  He is a naturalized U.S. citizen and resides in Linthicum Heights, Maryland.  Mr. Arif applied for jobs with the Maryland Department of State Police in 2018 and 2019.

5.     Defendant Maryland Department of State Police ("MDSP") is the official state police force of the state of Maryland.  MDSP is headquartered in Pikesville, Maryland.

6.     Defendant Mark J. Donisi is a Caucasian, American, non-Muslim male.  Mr. Donisi was a police officer employed by the MDSP with the rank of Sergeant.  He is sued in his official capacity.

7.     Defendant Anthony Hall is a Caucasian, American, non-Muslim male.  Mr. Hall was a police officer employed by the MDSP with the rank of Sergeant. He is sued in his official capacity.

8.     Defendant Gary L. Bachtell was an employee of the MDSP who served as the Director of MDSP's Polygraph Unit. He is sued in his official capacity.

9.     Defendant Robert Bruce Tanner was an employee of the MDSP who served as Human Resources Administrator. He is sued in his official capacity.

## FACTS COMMON TO ALL COUNTS

10.     Mr. Arif is an Asian and Muslim male, born in Vehari, Pakistan.  He lived in Saudi Arabia and the United Kingdom before emigrating with his wife to the U.S. in 2016.  Mr. Arif became a naturalized U.S. citizen in 2020.

11.     Mr. Arif has over 20 years of experience in information technology, finance, and construction.

12.     In 2017, Mr. Arif was hired by the Maryland Department of Transportation ("MDOT") as a Business System Administrator.  After a few months, he was promoted to Supervisor.  He oversaw a team of six analysts and was responsible for maintaining MDOT's essential technology infrastructure.

**The Maryland Department of State Police**

13.     The Maryland Department of State Police has a history of discriminating against minorities.  On July 15, 2022, the U.S. Department of Justice announced it had opened an investigation into whether the MDSP engaged in discriminatory hiring and promotion practices.

14.     According to the 2020 United States census, 8.1% of Maryland residents identify as Asian.  However, only 2.2% of MDSP's civilian workforce identified as Asian in 2020,

according to the Maryland General Assembly's Analysis of the Maryland State Fiscal Year 2025 Executive Budget.

15.     Upon information and belief, the number of MDSP civilian employees that are Muslim, Pakistani, and non-white is disproportionately lower than the general population of Maryland.

**Mr. Arif's Application to the Maryland Department of State Police**

16.     In September 2018, Mr. Arif applied for a position as Director of the Quartermaster Division of the Maryland State Police.  The Director is responsible for the procurement, warehousing, and delivery of all commodities, equipment, and services, for the MDSP.

17.     The stated minimum qualifications for the position were a bachelor's degree and "six years of professional experience to include procurement, budget management and warehouse management."

18.     Mr. Arif possessed the required educational qualifications.  He earned a Master's of Science degree in Computer Science from the University of Central Punjab in Lahore, Pakistan.  This is the equivalent of both a bachelor's degree and a master's degree in the United States.

19.     Mr. Arif also possessed the required experiential qualifications.  From 2007 through 2016, Mr. Arif worked for a variety of U.K. companies where he was responsible for budgeting, procurement, inventory, and supply logistics.  He also had valuable experience in warehouse management, having previously managed large fleets of vehicles.

20.     Based on these qualifications, the MDSP ranked Mr. Arif as one of the "best qualified" candidates for the position.

21.     Mr. Arif was interviewed on October 29, 2018, by a three-person panel that selected him as their first choice for the position.

22.     Two days later, the MDSP extended Mr. Arif a conditional offer of employment, which he accepted.

23.     The offer was conditioned, in part, on Mr. Arif "pass[ing] to the satisfaction of the Department of State Police all components of a polygraph examination."

**MDSP's Polygraph Examination Procedure**

24.     The MDSP's polygraph examination consists of four parts.  First, the subject completes a questionnaire, called the Applicant Polygraph Screening Booklet.  The Booklet included questions about the applicant's biographical information, educational history, drug and alcohol use, and criminal history.  Second, the polygraph examiner reviews the Booklet with the subject as part of a pre-test interview.  Third, the subject is asked a series of questions while the polygraph device measures his physiological responses.  The polygraph examiner collects the verbal answers and physiological responses on polygraph "charts."  He then reviews the charts and decides whether deception is present.  Last is the post-test interview, during which the examiner discusses the results with the subject.

25.     The MDSP's polygraph examination disproportionately eliminates Muslim, Asian, Pakistani, and applicants with brown colored skin from the MDSP's hiring process.

**Mr. Arif's First Polygraph Examination**

26.     Mr. Arif submitted a Screening Booklet and then reported for a polygraph examination on November 16, 2018.

27.     The test was administered by Sgt. Mark Donisi.  During the pre-test interview, Mr. Arif and Sgt. Donisi reviewed Mr. Arif's Screening Booklet.  Sgt. Donisi then began to administer the examination.

28.     After questioning Mr. Arif about drug use, Sgt. Donisi paused the examination. He had Mr. Arif wait in the lobby while he reviewed and scored the charts.  Sgt. Donisi then forwarded the charts to his supervisor, Polygraph Unit Director Gary L. Bachtell.

29.     Meanwhile, as Mr. Arif waited in the lobby, he noticed that Sgt. Donisi had been secretly observing him from the doorway.  Once he was discovered, Sgt. Donisi asked Mr. Arif what he was doing on his phone.  Mr. Arif said he was playing a game.  Although he was uncomfortable with the interaction, Mr. Arif returned to the examination room to continue the polygraph.

30.     Sgt. Donisi proceeded to ask Mr. Arif questions related to major crimes, theft, domestic violence, and sex crimes.

31.     Sgt. Donisi then paused the examination again to review and score the results.  He told Mr. Arif that the results indicated deception.  Sgt. Donisi asked if Mr. Arif had committed any of the crimes listed in the polygraph booklet.  Mr. Arif denied committing any crimes or attempting any deception.

32.     After Mr. Arif and Sgt. Donisi returned to the building's lobby, Sgt. Donisi told Mr. Arif that he had passed portions of the exam related to drugs, theft, and serious crime, but his results were "all over the place" for the "sex crimes" portion of the exam.

33.     Sgt. Donisi then re-administered the portion of the examination focused on sex crimes.

34.     Sgt. Donisi paused the examination and reviewed the charts again.  He then emailed the charts to Director Bachtell, claiming that Mr. Arif's "respiration [was] all over the place."  Director Bachtell then forwarded Sgt. Donisi's email and the polygraph charts to another Sergeant, Anthony Hall, for further review.

35.     Mr. Arif waited for the results in his car.  After some time, Mr. Arif noticed that Sgt. Donisi had approached Mr. Arif's car from behind the driver's side and was covertly observing him again.  When Mr. Arif noticed this, Sgt. Donisi knocked on his window and asked him to return to the building to discuss the results.

36.     Once inside, Sgt. Donisi claimed that Mr. Arif's results indicated "deception" and accused Mr. Arif of "hiding information" from him.  Mr. Arif replied that he was telling the truth and was not hiding anything.

37.     Sgt. Donisi then asked Mr. Arif, "Did you have sex with your sister or something?  Did you have sex with a dog?  Were you molested as a child?"  Mr. Arif denied each of Sgt. Donisi's accusations, which he found deeply offensive.

**Mr. Arif's Second Polygraph Examination**

38.     On November 27, 2018, Mr. Arif returned for a second polygraph examination.

39.     This time, Director Bachtell reassigned the polygraph examination to Sgt. Anthony Hall.  This was the same person with whom Director Bachtell had shared the prior day's results.

40.     While administering the polygraph exam, Sgt. Hall exchanged text messages with Sgt. Donisi about Mr. Arif.  Referring to Mr. Arif, he wrote, "the cologne on your guy, geezzz."  Sgt. Donisi then asked if Mr. Arif had passed the polygraph examination.  Sgt. Hall responded,

"I'm close to inc[onclsuive]."  Sgt. Donisi replied, "He's hiding something and on his culture sex w[ith] juveniles is permissible."

41.     Sgt. Hall then accused Mr. Arif of using countermeasures.  He claimed that Mr. Arif's breathing was abnormal and questioned why he took deep breaths before answering each question.  Mr. Arif denied using any breathing techniques or countermeasures.

42.     When Mr. Arif completed the polygraph exam, Sgt. Hall emailed the charts to Director Bachtell.  He wrote, "did not like respirations after Q on these comparisons, he denied countermeasures.  It did not seem to help or hurt him."  Director Bachtell forwarded the results to another officer for review.  That officer wrote that he had "no opinion" but thought Mr. Arif's respiratory rates looked "too good to be true."

43.     Director Bachtell and Sgt. Hall concluded that Mr. Arif's results were "inconclusive." This conclusion was not based on any data indicating that Mr. Arif lied on the polygraph.  Instead, it was based on prejudiced suspicions by those administering and scoring the examination.

44.     This conclusion was incorrect.  Mr. Arif passed the polygraph exam on both days. He answered everything truthfully and did not take any countermeasures to deceive the examiner.

45.     Following this second polygraph exam, Mr. Arif emailed Personnel Administration Section Commander, Lt. Kimberly Smith, to notify her of the inconclusive results of his polygraph exam and express his continued interest in the position.  Mr. Arif also expressed concern about the number of polygraph exams he had taken and told Lt. Smith he would not take another unless she instructed him to do so.

46.     The following day, Lt. Smith forwarded Mr. Arif's email to Lt. Col. Dalaine Brady.  Lt. Col. Brady leads the MDSP's Support Services Bureau, which includes the Quartermaster Division.  Lt. Smith said Mr. Arif was "our #1 candidate for the position" and asked if MDSP could still hire him.  She said, "I do not know much about the polygraph process and what technically an 'inconclusive' result would mean as far as hiring or not hiring.  I would assume that he would be a viable candidate to hire but not positive."

47.     Lt. Col. Brady forwarded Lt. Smith's email to HR Administrator R. Bruce Tanner.

48.     Sgt. Donisi and Sgt. Hall continued to exchange text messages about Mr. Arif.  On November 30, 2018, Sgt. Donisi wrote, "there is something with him and I believe it's cultural."  Sgt. Donisi claimed that he "read about the culture and region where he was born," (*i.e.*, Pakistan, Muslim) and that "[m]olestation, rape, child abduction are common place."  Sgt. Donisi then suggested, "He may have been a victim or watch???  Don't know."

**Maryland State Police Withdraws Mr. Arif's Offer of Employment**

49.     On the same day that polygraph examiners exchanged these messages about their prejudiced beliefs about Mr. Arif's "culture," HR Administrator Tanner rescinded Mr. Arif's job offer.  In a letter to Mr. Arif, HR Administrator Tanner wrote that, "[b]ased upon a review of your application and other background information, it has been determined that all terms and conditions were not met."

50.     In reply to HR Administrator Tanner's email, Mr. Arif asked "what terms and conditions were not met that led to the withdrawal of the conditional offer."

51.     HR Administrator Tanner responded that Mr. Arif was required to "pass to the satisfaction of the Department of State Police all components of a polygraph examination. Because of this your [c]conditional offer was withdrawn."

52.     Mr. Arif had in fact passed the polygraph examination but was not selected for the position because of what Sgt. Donisi referred to as Mr. Arif's "culture" – his race (Asian), skin color (brown), religion (Muslim), and national origin (Pakistani).

53.     The Director position remained open until July 2019.

54.     Upon information and belief, MDSP hired Alex Reid, an American, Caucasian, non-Muslim male, to fill the position in July 2019.

55.     MDSP disciplined both Sgt. Donisi and Sgt. Hall for their discriminatory text messages about Mr. Arif.

**Mr. Arif Applies for a Second Position with the Maryland State Police**

56.     On January 22, 2019, Mr. Arif applied for the position of Digital Forensic Examiner with the MDSP.

57.     Mr. Arif was more than qualified for the position, which required a bachelor's degree in computer science as the minimum qualification.

58.     The Maryland State Police did not interview Mr. Arif for this position.  Instead, less than a week after submitting his application, HR Administrator Tanner notified Mr. Arif that he was ineligible for the position because he did "not appear to meet one or more of the required qualifications for the reasons listed below: polygraph examination."

59.     Once again, Mr. Arif was not selected for the position because of what Sgt. Donisi referred to as Mr. Arif's "culture" – his race (Asian), skin color (brown), religion (Muslim), and national origin (Pakistani).

10

**Mr. Arif Files Complaint of Discrimination with the Maryland State Police**

60.     On February 1, 2019, Mr. Arif filed a Discrimination Incident Report with the Maryland State Police.

61.     The Maryland Office of Fair Practices ("OFP") initiated an investigation.

62.     On June 24, 2019, the OFP determined there was "no probable cause" to support Mr. Arif's allegations of discrimination.

63.     Mr. Arif appealed OFP's decision to the Maryland Department of Budget & Management, Office of the Statewide Equal Opportunity Coordinator ("OSEEOC").

64.     On September 3, 2019, OSEOCC dismissed Mr. Arif's discrimination complaint.

**Mr. Arif Files Charge of Discrimination with the EEOC**

65.     Meanwhile, on August 21, 2019, Mr. Arif filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights.  He alleged discrimination based on his race, religion, color, and national origin.

66.     On September 27, 2019, Mr. Arif amended his EEOC charge to include further details regarding the events that led to MDSP rescinding its employment offer.

67.     On October 25, 2022, the EEOC issued Mr. Arif a Determination Letter finding "reasonable cause" that Mr. Arif was "subjected to discrimination in the form of denial of hire based on his religion (Muslim)."  The EEOC declined to issue a finding as to other charges.

68.     In November 2022, Mr. Arif agreed to participate in the EEOC's conciliation process.  He was later informed that the Maryland State Police declined to participate.

69.     On January 12, 2024, the Department of Justice issued Mr. Arif a Right to Sue letter.

11

**COUNT ONE**

**Discrimination Based on Race in Violation of 42 U.S.C. § 2000e**

70.     Mr. Arif is protected from discrimination based upon his race (Asian) under 42 U.S.C. § 2000e.

71.     In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

72.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

73.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's race.

74.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's race.

75.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's race.

76.     MDSP's use of polygraph examinations has a disproportionately adverse effect on Asian applicants.

77.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer

emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT TWO

### Discrimination Based on Race in Violation of 42 U.S.C. § 2000e

78.     Mr. Arif is protected from discrimination based upon his race (Asian) under 42 U.S.C. § 2000e.

79.     In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

80.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

81.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's race.

82.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's race.

83.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner terminated Mr. Arif's employment application because of his race.

84.     MDSP's use of polygraph examinations has a disproportionately adverse effect on Asian applicants.

85.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of

employment, and other past and future pecuniary losses. He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT THREE

### Discrimination Based on Color in Violation of 42 U.S.C. § 2000e

86.     Mr. Arif is protected from discrimination based upon his color (brown) under 42 U.S.C. § 2000e.

87.     In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

88.     Mr. Arif was qualified for the position. He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

89.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's color.

90.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's color.

91.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's color.

92.     MDSP's use of polygraph examinations has a disproportionately adverse effect on applicants who have brown colored skin.

14

93.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT FOUR

### Discrimination Based on Color in Violation of 42 U.S.C. § 2000e

94.     Mr. Arif is protected from discrimination based upon his color (brown) under 42 U.S.C. § 2000e.

95.     In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

96.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

97.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's color.

98.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's color.

99.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner terminated Mr. Arif's employment application because of his color.

100.    MDSP's use of polygraph examinations has a disproportionately adverse effect on applicants who have brown colored skin.

101.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT FIVE

### Discrimination Based on Religion in Violation of 42 U.S.C. § 2000e

102.    Mr. Arif is protected from discrimination based upon his religion (Muslim) under 42 U.S.C. § 2000e.

103.    In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

104.    Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

105.    The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's religion.

106.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's religion.

16

107.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's religion.

108.    MDSP's use of polygraph examinations has a disproportionately adverse effect on Muslim applicants.

109.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT SIX

### Discrimination Based on Religion in Violation of 42 U.S.C. § 2000e

110.    Mr. Arif is protected from discrimination based upon his religion (Muslim) under 42 U.S.C. § 2000e.

111.    In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

112.    Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

113.    The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's religion.

114.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's religion.

115.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner terminated Mr. Arif's employment application because of his religion.

116.     MDSP's use of polygraph examinations has a disproportionately adverse effect on Muslim applicants.

117.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

### COUNT SEVEN

**Discrimination Based on National Origin in Violation of 42 U.S.C. § 2000e**

118.     Mr. Arif is protected from discrimination based upon his national origin (Pakistan) under 42 U.S.C. § 2000e.

119.     In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

120.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

121.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's

polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's national origin.

122.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's national origin.

123.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's national origin.

124.    MDSP's use of polygraph examinations has a disproportionately adverse effect on Pakistani applicants.

125.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

### COUNT EIGHT

### Discrimination Based on National Origin in Violation of 42 U.S.C. § 2000e

126.    Mr. Arif is protected from discrimination based upon his national origin (Pakistan) under 42 U.S.C. § 2000e.

127.    In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

128.    Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

19

129.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's national origin.

130.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's national origin.

131.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's national origin.

132.     Maryland State Police terminated Mr. Arif's employment application stating that he could not satisfy the terms and conditions of the job because of his polygraph examination results.  This determination was made by Sgt. Donisi, Sgt. Hall, and Director Bachtell.

133.     MDSP's use of polygraph examinations has a disproportionately adverse effect on Pakistani applicants.

134.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT NINE

**Discrimination Based on Race in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.**

135.    Mr. Arif is protected from discrimination based upon his race (Asian) under Md. Code Ann, State Gov't § 20-601 et seq.

136.    In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

137.    Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

138.    The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's race.

139.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's race.

140.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's race.

141.    MDSP's use of polygraph examinations has a disproportionately adverse effect on Asian applicants.

142.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of

employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT TEN

### Discrimination Based on Race in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.

143.    Mr. Arif is protected from discrimination based upon his race (Asian) under Md. Code Ann., State Gov't § 20-601 et seq.

144.    In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

145.    Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

146.    The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's race.

147.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's race.

148.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner terminated Mr. Arif's employment application because of his race.

149.    MDSP's use of polygraph examinations has a disproportionately adverse effect on Asian applicants.

22

150.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

### COUNT ELEVEN

**Discrimination Based on Color in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.**

151.     Mr. Arif is protected from discrimination based upon his color (brown) under Md. Code Ann, State Gov't § 20-601 et seq.

152.     In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

153.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

154.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's color.

155.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's color.

156.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's color.

157.     MDSP's use of polygraph examinations has a disproportionately adverse effect on applicants who have brown colored skin.

158.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT TWELVE

**Discrimination Based on Color in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.**

159.     Mr. Arif is protected from discrimination based upon his color (brown) under Md. Code Ann, State Gov't § 20-601 et seq.

160.     In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

161.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

162.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's color.

163.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's color.

164.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner terminated Mr. Arif's employment application because of his color.

165.     MDSP's use of polygraph examinations has a disproportionately adverse effect on applicants who have brown colored skin.

166.     As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT THIRTEEN

**Discrimination Based on Religion in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.**

167.     Mr. Arif is protected from discrimination based upon his religion (Muslim) under Md. Code Ann, State Gov't § 20-601 et seq.

168.     In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

169.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

170.    The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's religion.

171.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's religion.

172.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's religion.

173.    MDSP's use of polygraph examinations has a disproportionately adverse effect on Muslim applicants.

174.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

**<u>COUNT FOURTEEN</u>**

**Discrimination Based on Religion in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.**

175.    Mr. Arif is protected from discrimination based upon his religion (Muslim) under Md. Code Ann, State Gov't § 20-601 et seq.

176.    In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

177.    Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

178.    The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's religion.

179.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's religion.

180.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner terminated Mr. Arif's employment application because of his religion.

181.    MDSP's use of polygraph examinations has a disproportionately adverse effect on Muslim applicants.

182.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## **COUNT FIFTEEN**

**Discrimination Based on National Origin in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.**

183.     Mr. Arif is protected from discrimination based upon his national origin (Pakistan) under Md. Code Ann, State Gov't § 20-601 et seq.

184.     In September 2018, Mr. Arif applied to be the Director of the Quartermaster Division, Program Manager III, with the Maryland State Police.

185.     Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements, was ranked among the "best qualified" based on his application, was ranked by the hiring panel as its first choice for the position, and received a conditional job offer.

186.     The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's national origin.

187.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's national origin.

188.     The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's national origin.

189.     MDSP's use of polygraph examinations has a disproportionately adverse effect on Pakistani applicants.

190.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## COUNT SIXTEEN

**Discrimination Based on National Origin in Violation of the Maryland Fair Employment Practice Act, Md. Code Ann., State Gov't § 20-601 et seq.**

191.    Mr. Arif is protected from discrimination based upon his national origin (Pakistan) under Md. Code Ann, State Gov't § 20-601 et seq.

192.    In January 2019, Mr. Arif applied to be a Digital Forensic Examiner with the Maryland State Police.

193.    Mr. Arif was qualified for the position.  He satisfied both the educational and experiential requirements.

194.    The Maryland State Police, Sgt. Mark Donisi, Sgt. Anthony Hall, Polygraph Unit Director Gary L. Bachtell, and HR Administrator Robert Tanner administered Mr. Arif's polygraph examination in a discriminatory manner and negatively interpreted the results of Mr. Arif's polygraph examination because of Mr. Arif's national origin.

195.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner falsely claimed that the results of Mr. Arif's polygraph examination were "inconclusive" because of Mr. Arif's national origin.

196.    The Maryland State Police, Sgt. Donisi, Sgt. Hall, Director Bachtell, and HR Administrator Tanner rescinded the conditional offer of employment because of Mr. Arif's national origin.

197.    Maryland State Police terminated Mr. Arif's employment application stating that he could not satisfy the terms and conditions of the job because of his polygraph examination results.  This determination was made by Sgt. Donisi, Sgt. Hall, and Director Bachtell.

198.    MDSP's use of polygraph examinations has a disproportionately adverse effect on Pakistani applicants.

199.    As a direct and proximate result of the Defendants' discriminatory actions, Mr. Arif has suffered and will continue to suffer harm from the loss of income and benefits of employment, and other past and future pecuniary losses.  He also suffered and continues to suffer emotional pain, embarrassment, anguish, loss of enjoyment of life, and other nonpecuniary losses and injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Syed Y. Arif requests the following relief:

a)  All relief necessary to make Mr. Arif whole;

b)  Award Mr. Arif damages in an amount to be proven at trial economic losses, damage to professional reputation, emotional distress, embarrassment, anguish, pain and suffering, and loss of enjoyment of life that he has experienced as a result of Defendants' unlawful conduct;

c)  Punitive damages in an amount to be determined by a jury;

d)  Award reasonable attorneys' fees and costs; and

e)  Such further relief as the Court deems appropriate.

## **JURY DEMAND**

Plaintiff Syed Y. Arif hereby demands a trial by jury of all issues of fact and law raised by the allegations in this Complaint.


Dated:  April 10, 2024                                   Respectfully submitted,


_____
Daniel S. Crowley, # 989874
HANNON LAW GROUP, LLP
1800 M Street, NW, Ste. 850 S
Washington, DC 20036
(202) 232-1907
(202) 232-3704 Facsimile
dcrowley@hannonlawgroup.com

*Counsel for Plaintiff Syed Arif*